JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Larry Combs appeals from his conviction and sentence on two counts of felonious assault with guns specifications, in violation of R.C. 2903.11(A)(1) and2903.11(A)(2). While maintaining that no reversible error is to be found in the record, counsel appointed for appeal has presented "argument[s] containing the contentions of the appellant * * * and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Accordingly, we review Combs's two contentions as assignments of error challenging the weight and the sufficiency of the evidence adduced at trial to support his convictions. See App.R. 12 and 16.
Our review of the entire record fails to persuade us that the jury clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547. Moreover, the record reflects substantial, credible evidence — including the eyewitness identification of Combs as the perpetrator — from which the jury could have reasonably concluded that all elements of the crimes charged were proven beyond a reasonable doubt. Statev. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The first and second assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.